REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission.
1. If an individual has entered into an agreement providing for settlement of discriminatory allegations, is that individual precluded from filing a charge of discrimination with the Nebraska Equal Opportunity Commission against the same employer seeking relief for the same alleged discrimination?
2. If an individual has entered into an agreement providing for settlement of discriminatory allegations, does said agreement eliminate the Commission's jurisdiction over an already existing charge filed by the individual against the same employer seeking relief for the same alleged discrimination?
3. Will evidence that an individual has entered into and actually obtained payment from an outside agreement nevertheless have an effect upon the processing of a concomitant charge filed by the individual with the Nebraska Equal Opportunity Commission, regardless of whether the charge was filed before or after the outside agreement was entered into?
1. No.
2. No.
3. Yes.
You have advised this office of your concern over both an individual's right to file a charge with the Commission, and the Commission's jurisdiction over an already existing charge once the individual pursues and obtains other outside relief in the nature of grievance proceedings, settlement agreements, or other related remedies. You also are concerned as to what effect a showing that an individual has agreed to and actually received payment from, an outside settlement agreement should have upon the Commission'sprocessing of the same individual's charge filed with it, regardless of whether the charge was filed before or after the outside agreement was entered into. An analysis of the problems posed is set forth below.
 1. and 2.
While the employer's showing of a private agreement between it and the complainant makes a strong appeal to our sense of fair play, the showing falls far short of being conclusive of either the employee's right to file a charge, or the Commission's jurisdiction over an already existing charge. Section 48-1118(1) provides in pertinent part:
 "Whenever it is charged in writing under oath by . . . a person claiming to be aggrieved, and such charge sets forth the facts upon which it is based, that an employer . . . has engaged in an unlawful employment practice, the commission shall furnish such employer, . . . with a copy of such charge . . . and shall make an investigation of such charge, . . ."
Hence, there is nothing on the face of the Act that restricts any person's right to file a charge. All that is required is that the person be one `claiming to be aggrieved.' As for the preclusive effect of the prior agreement vis a vis the right to file a discrimination charge, case law is too well established that Title VII (the progenitor of the Fair Employment Practice Act, sections48-1101 to 48-1125, R.R.S. 1943) remedies are independent of other remedies available to an aggrieved employee to seriously consider such a result. See, International Union ofElectrical, Radio and Machine Workers, AFL-CIO, Local 790 v.Robbins Meyers, Inc., et al., 429 U.S. 229 (1976). Also, in Alexander v. Gardner-Denver Co., 7 EPD 9148, 415 U.S. 36
(1974), the Supreme Court held that the right to trialde novo under Title VII was not foreclosed by resort to arbitration under the provisions of a collective bargaining agreement. The court stated:
 ". . . Title VII provides for consideration of employment discrimination claims in several forums. [citations omitted.] And, in general, submission of a claim to one forum does not preclude a later submission to another. . . Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." Alexander v. Gardner-Denver Co., Id.
Similarly, the lower courts have held Title VII to be independent of other remedies in various contexts: Bowe v.Colgate-Palmolive Co., 416 F.2d 711 (7th Cir., 1969) (contract grievance procedures); Tipler v. E. I. duPontdeNemours Co., 443 F.2d 125 (6th Cir. 1971), (adverse determination by NLRB on unfair labor practice charge);Voutsis v. Union Carbide Corp., 452 F.2d 889 (2nd Cir., 1972), cert. denied, 406 U.S. 918 (1972) (acceptance of state fair employment practice agency settlement). Hence, the overwhelming weight of authority points to the conclusion that the right to file an employment discrimination charge is supplemental to other forms and forums of relief. Pursuit of one avenue of relief is not, per se, a preclusion of the right to pursue others. Thus, a showing of an outside agreement neither precludes an individual from filing a charge, nor eliminates the Commission's jurisdiction over an already existing charge filed by the individual.
 3.
However, to say that prior and/or concurrent attempts to seek relief for alleged discriminatory acts are not, per se, bars to either the filing of a charge of discrimination, or the Commission's jurisdiction over an already existing charge, is not to say that said actions have no effect on the processing of such charges. Hence, we address ourselves to the second part of your inquiry; and that which seeks guidance on how the Commission should proceed with the charge. We set forth below a portion of a Ninth Circuit Court of Appeals decision, which in our opinion, has both analytical and instructive value:
 "The purpose of Title VII and the federal labor policy of encouraging arbitration can both be served by a rule that an employee can seek more than one remedy but may not recover twice for the same injury. Whether or not the grievance arbitration procedure has run its course, and whether or not an employee has accepted an out-of-court award or settlement, he is not barred from all Title VII relief. . ."
 "However, a grievant's acceptance of an arbitration award or settlement is prima facie evidence that he has received full compensation for his individual damages. After an employee accepts an out-of-court settlement for a grievance arising out of a civil rights claim, he will have the burden of proving that what he received was not intended to be a complete settlement of his claim for money damages. If he can prove that the apparent settlement was not based on the full range of issues cognizable under Title VII, or that it was accepted only as a partial settlement because the grievance arbitration machinery was limited in its available remedies, the plaintiff may press for additional money damages. But payments accepted by a grievant in any event constitute a pro tanto satisfaction of his damages claim. With the foregoing safeguard, the supposed evils of judicial relief after arbitration largely evaporate." Oubichon v. North American Rockwell Corp., 6 EPD 8732 (1973).
Hence, it appears that if a respondent employer can show that an agreement has been entered into and payment made, said payments should be considered by the Commission as apro tanto satisfaction of the charging party's claim, regardless of whether the charge was filed before or after the agreement was entered into, unless the charging party can demonstrate to the Commission that what he or she received `was not intended to be a complete settlement' of his or her claim. In accordance with the reasoning above, we note parenthetically that such a demonstration takes on the stature of a `burden of proof'; therefore, a mere assertion of belief to the contrary by the charging party would not be sufficient.
In the event that the charging party does make the required showing the Commission should proceed with the charge in the same manner as it processes any other. In the event that the charging party is unable to meet his or her burden of proof, we are of the opinion that the Commission should dismiss the charge pursuant to its rule 2-(2)(c).